# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8929 | **DATE** | 6/30/2004 |
| **CASE TITLE** | American Diagnostic Medicine, Inc. vs. Cardiovascular Care Group | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___ ___.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, ADM's motion to dismiss Counts I, II and IV of CCG's counterclaims and to strike CCG's fourth affirmative defense is denied. Enter Memorandum Opinion and Order. Answers to be filed 7/21/04. Discovery is extended to 12/3/04. Pretrial order is due by 12/10/04.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | JUL 01 2004 date docketed | | 24 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| MF | courtroom deputy's initials | | 2004 JUN 30 PM 3:07 FILED | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AMERICAN DIAGNOSTIC MEDICINE, INC., )
)
    Plaintiff, )
) No. 03 C 8929
v. )
) Judge John W. Darrah
CARDIOVASCULAR CARE GROUP, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, American Diagnostic Medicine, Inc. ("ADM"), filed suit against Defendant, Cardiovascular Care Group ("CCG"), alleging a breach of contract claim. CCG filed a counterclaim, alleging fraudulent inducement (Count I), intentional interference with prospective economic advantage (Count II), negligence (Count III), and rescission (Count IV). Presently pending before the Court is ADM's Motion to Dismiss Counts I, II, and IV of Defendant's Counterclaim and to Strike Defendant's Fourth Affirmative Defense.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000) (*Marshall-Mosby*). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). A filing under Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *Hoskins v. Poelstra*, 320

F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The simplified notice pleading relies upon liberal discovery and summary judgment motions to define disputed issues and facts and to dispose of unmeritorious claims. *Swierkiewicz*, 534 U.S. at 513.

## BACKGROUND

A reading of the ADM's Complaint and CCG's counterclaims support the following summary of the alleged operative conduct of the parties.

ADM is in the business of leasing medical imaging equipment to hospitals and other medical facilities. ADM also provides technicians for such equipment. CCG is a medical corporation in Columbia, South Carolina.

In the Spring of 2000, Dr. Nowamagbe A. Omoigui, President of CCG, was approached by an agent of ADM, Jitendra Mehta, regarding the possible lease of nuclear medicine equipment. Dr. Omoigui indicated that he was not interested in leasing such equipment pursuant to the terms offered because he was in debt from the start-up of his medical practice. Dr. Omoigui indicated that the only way he could lease the equipment was if it was a "shared risk" and ADM was willing to procure insurance in the event that Dr. Omoigui could not pay for the equipment. Dr. Omoigui also explained to ADM that he may not be able to make the necessary payments in a timely manner because of the nature of his practice.

On or about April 5, 2000, Mehta told Dr. Omoigui that ADM would procure the necessary insurance to protect Dr. Omoigui in the event that he could not make the payments. On April 6, 2000, Mehta presented Dr. Omoigui with an Addendum to the Agreement which provided

2

that ADM would procure business interruption insurance to protect against prolonged inability to continue in the Agreement. That same day, ADM and CCG entered into a Nuclear Medicine Agreement whereby ADM agreed to provide CCG with certain nuclear medicine equipment, equipment maintenance, and technologist services. The terms of the Agreement commenced on August 15, 2000, and continued for sixty months beginning the date of delivery and acceptance of the equipment by CCG. CCG agreed, among other things, to pay ADM for the services provided under the Agreement.

In October 2000, Plaintiff delivered the equipment to CCG. CCG has failed to make the payments required of it under the Agreement.

In July 2003, ADM threatened to remove the equipment and initiate legal proceedings against CCG. In response, CCG reminded ADM about the insurance and subsequently requested a copy of the insurance that ADM had promised to procure. ADM did not produce the insurance. CCG would not have leased the equipment if ADM had not promised to procure the insurance, and such promise was false when it was made to induce CCG to lease the equipment.

Pursuant to the Agreement, ADM was required to provide a support technician to operate the nuclear medicine equipment. The equipment could not be operated without the technician. On various occasions, ADM refused to provide a technician. On those occasions, CCG was forced to cancel nuclear imaging scans that were scheduled with various new and returning patients because of ADM's failure to provide the technician. ADM was aware that the scheduled appointments had to be canceled and that patients went elsewhere for services when ADM failed to produce a technician.

3

## ANALYSIS

ADM argues that CCG's fraudulent inducement claim should be dismissed for failure to state a claim because CCG failed to assert any specific, objective manifestations of fraudulent intent and because CCG failed to allege any facts to show that ADM never intended to purchase business interruption insurance.[1]

Under Illinois law, a fraudulent inducement claim includes: (1) a false statement of material fact, (2) knowledge or belief of the falsity by the party making it, (3) an intention to induce the other party to act, (4) action by the other party in reliance on the truth of the statements, and (5) damage to the other party resulting from such reliance. *Neptuno Treuhand-und Verwaltungsgesellschaft MBH v. Arbor*, 295 Ill. App. 3d 567, 575 (1998).

In order to plead a valid claim for fraudulent inducement under the Federal Rule of Civil Procedure 9(b), the claimant must state facts with particularity to describe the circumstances constituting fraud. As articulated by the Seventh Circuit, "this means the who, what, when, where, and how; the first paragraph of any newspaper story", must be evident in the complaint. *Dileo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). However, knowledge and intent of a party may be alleged generally. Fed.R.Civ.P. 9 (b). Furthermore, promises to perform under contracts cannot be actionable for fraud unless the plaintiff shows "specific, objective manifestations of fraudulent

---

[1] In its reply brief, ADM presents the new argument that CCG's allegations concerning Dr. Omoigui's prior statements and understandings are inadmissible parole evidence. ADM cannot present new arguments in its reply. Accordingly, this new argument is waived and not addressed by the Court. *See Parillo v. Commercial Union Ins. Co.*, 85 F.3d 1245, 1250 (7th Cir. 1996); *Petri v. Gatlin*, 997 F. Supp. 956, 977 (N.D. Ill. 1997).

4

intent -- a scheme or device." *Industrial Specialty Chemicals, Inc. v. Cummins Engine Co., Inc.*, 902 F. Supp. 805, 813 (N.D. Ill. 1995). The plaintiff must allege sufficient facts to show that the defendant never intended to keep its word. *Industrial Specialty Chemicals, Inc.*, 902 F. Supp. at 813.

In the instant case, CCG alleges that ADM's agent told CCG that ADM would procure certain insurance in light of CCG's concern of not being able to make payments based on CCG's financial situation. ADM never purchased the insurance and never intended to purchase the insurance. Instead, the promise was made to induce CCG to enter into the contract; and CCG entered into the contract because of such promise. Under the liberal pleading requirements of the federal court, CCG has sufficiently pled a claim for fraudulent inducement. CCG need not plead the elements of his claim, and the allegations satisfy the particularity requirement set forth in Rule 9.[2]

ADM next argues that CCG's tortious interference with economic advantage claim should be dismissed because CCG failed to allege any action toward a third party and because CCG failed to present facts establishing the existence of a reasonable expectancy of an economic advantage or continuing relationship with its patients.

The elements of tortious interference with economic advantage are: (1) a reasonable expectation of entering into a valid business relationship, (2) knowledge by the defendant of this expectancy, (3) purposeful interference to prevent the expectancy from being fulfilled, and (4) damages to the plaintiff from the interference. *See Cook v. Winfrey*, 141 F.3d 322, 327 (7th Cir. 1998) (*Cook*). In federal court, a plaintiff need not allege the specific third party or class of third

---

[2]ADM also seeks to strike CCG's fourth affirmative defense, which alleges that CCG was fraudulently induced into entering the Agreement on the same basis as its Motion to Dismiss. ADM's Motion to Strike CCG's Fourth Affirmative Defense is denied for the reasons set out herein denying ADM's Motion to Dismiss Count I.

5

parties with whom the plaintiff claims to have had a valid business expectancy. Simply alleging that such an expectancy existed and that the defendant interfered with it is sufficient. *See Cook*, 141 F.3d at 328.

Here, CCG alleges that ADM failed to provide a technician to operate the leased equipment and that existing and future patients' appointments for services with CCG had to be canceled because of the lack of a technician. Furthermore, ADM was aware that the scheduled appointments had to be canceled and that patients went elsewhere for services. These allegations sufficiently plead a cause of action for tortious interference with economic advantage. *See Cook*, 141 F.3d at 328.

Lastly, ADM argues that CCG's rescission claim fails to state a claim because CCG failed to plead that it tendered or offered to return the consideration it received under the Agreement. However, a plaintiff need not allege the return of consideration in order to state a claim for rescission in federal court. *See Stowe v. Balsier*, 1989 WL 32932 (N.D. Ill. April 4, 1989).

## CONCLUSION

For the foregoing reasons, ADM's Motion to Dismiss Counts I, II, and IV of CCG's Counterclaims and to Strike CCG's Fourth Affirmative Defense is denied.

Dated: June 30, 2004

JOHN W. DARRAH
United States District Judge

6